## H. C. PATTERSON *v.* S. W. MOSBY.

**Exemption of Housekeeper.**
> In the absence of a contract by which a debtor is deprived of the right to claim an exemption against a debt, the only inquiry to be determined is whether the debtor is a bona fide housekeeper with a family resident in this state, and whether the thing claimed as exempt is embraced by the statute.

### APPEAL FROM DAVIESS CIRCUIT COURT.

April 15, 1880.

OPINION BY JUDGE COFER:

The statute declares that there shall be exempt from execution, attachment, distress or fee-bill against a bona fide housekeeper with a family, resident within this commonwealth, a sufficiency of bread-stuff to sustain his family for one year and a sufficiency of provender to sustain the exempted stock for a like period.

In the absence of a valid contract by which a debtor is deprived of the right to claim the exemption, the only inquiries in such a case

as this are, (1) whether the debtor is a bona fide housekeeper with a family resident in this state, and (2) whether the thing claimed as exempt is embraced by the statute.  Both these facts seem to be conceded in this case.  That the appellant was a sub-tenant under Clements, who also claimed, and was allowed a similar exemption, cannot affect the question.

.If it were proper to consider that fact at all, and to decide the case upon equitable principles, the fact would be against rather than in support of the views of appellee's counsel.  The appellee rented to Clements with the understanding that he was to sublet a part of the land, which was accordingly done.  The appellant does not owe and never agreed to pay appellee any rent.  It is alone in view of a stern rule of law, which makes the property of one man subject to the debt of another, that the appellee had a right to subject any part of the corn to the satisfaction of his debt, and he has no right to complain that another equally stern rule exempts a portion of the crop from sale.

Judgment *reversed* and cause remanded for further proceedings in conformity to this opinion.

*Owen & Ellis, for appellant.*
*Weir, Weir & Walker, for appellee.*